# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| MYRTHA CYNTHIA MCQUATTERS | § § § § § § | SA-10-CV-967-XR |
| v. | | |
| AARON'S INC. | | |

## ORDER

On this day came on to be considered Defendant's motion for summary judgment (doc. no 24) and Plaintiff's motion to strike (doc. no. 25).

## BACKGROUND

Plaintiff alleges in her petition that she was employed by the defendant as a sales manager on November 10, 2008, and that from August 2009 to October 14, 2009, she was sexually harassed by her general manager (Jesse Lopez) and another employee (Jeremy Narro). She alleges that she reported the employee's inappropriate comments to Lopez in September 2009 and reported her general manager's inappropriate comments to another general manager. Thereafter, she alleges that she was discharged by Lopez, and then reported the sexual harassment using the company's 1-800 hotline number. She brings claims under the Texas Commission on Human Rights Act (TCHRA), Tex. Labor Code § 21.053 (sex discrimination), Tex. Labor Code §21.0553 (retaliation), and

negligent hiring, supervision, training and retention.

## Summary Judgment Standard

"Summary judgment is appropriate where, considering all the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, then there is no genuine issue for trial. *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999)." *Dediol v. Best Chevrolet, Inc.*, --- F.3d ----, 2011 WL 4011079, at *2 (5th Cir. Sept. 12, 2011).

## Hostile Work Environment Claim under the TCHRA[1]

To prevail on a hostile work environment claim, a plaintiff must establish that: (1) she belongs to a protected class; (2) was subjected to unwelcome sexual harassment; (3) the harassment was based on her sex; (4) the harassment affected a term, condition, or privilege of her employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action. *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 523 (5th Cir.

---

[1] This Court may look to federal law interpreting Title VII when analyzing TCHRA claims, because the TCHRA was designed to align Texas state law with federal law. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

2001). Proof of the fifth element is not required where the purported harasser is a supervisor. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 393 n. 2 (5th Cir. 2007).

"A workplace environment is hostile when it is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment. However, not all harassment, including 'simple teasing, offhand comments, and isolated incidents (unless extremely serious),' will affect a 'term, condition, or privilege of employment.' To be actionable, the working environment must be objectively hostile or abusive. 'Whether an environment is hostile or abusive depends on the totality of the circumstances, including factors such as the frequency of the conduct, its severity, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)(internal citations omitted).

Defendant argues that, as a matter of law, the alleged harassment did not affect a term, condition or privilege of Plaintiff's employment and the harassment was not sufficiently severe or pervasive.

Plaintiff testified in her deposition that on one occasion in August 2009, her supervisor (Lopez) asked her "how long had it been since you had sex." On that same occasion, Lopez also asked her if her "parts still worked." On another occasion, Lopez called her and another female employee "putas", a derogatory

3

Spanish slang term for whore. On another occasion, a company get-together was held at Lopez's home. Plaintiff inadvertently left her sunglasses there. Thereafter, Lopez's wife allegedly became upset with Lopez accusing him of having an affair. The next day, in front of other employees, Lopez complained to Plaintiff about leaving her sunglasses at his home because his wife thought they were f - - - ing together. On another occasion, Lopez asked Plaintiff if she liked "tube steak." Finally, Plaintiff alleges that on another occasion, Lopez began grinding his body against a cash register and told Plaintiff "this is what I'm going to do to you." Plaintiff testified that she told Lopez to stop the harassment.

With regard to the conduct of her subordinate (Narro), Plaintiff alleges that spurred on by the behavior of Lopez, Narro on one occasion told her that she had a dream about her and that "he was giving it to me from the rear." On another occasion Narro walked behind her and simulated groping her from behind. Plaintiff testified that Narro was also making "comments all the time" - "hot mama", "what I could do to you", "make you feel good." She testified that she told Narro to stop his behavior, but he refused to stop. She testified that she then reported Narro's behavior to Lopez, who merely instructed her to "handle it."

"Needless to say, there is no mathematical formula to determine whether conduct is sufficiently severe or pervasive to establish a hostile-work-environment claim." *Donaldson v. CDB Inc.*, 335 Fed. Appx. 494, *7 (5th Cir. 2009). Indeed, in recent hostile work environment claims based on

4

sex, the Fifth Circuit has reached differing conclusions regarding the requisite "severity or pervasiveness," applying the totality of the circumstances test.[2]

Applying *Donaldson* and the other Fifth Circuit cases stated herein, this court finds that Plaintiff has presented sufficient evidence to create a genuine issue of material fact for summary judgment purposes regarding the severity or pervasiveness of the alleged harassment. Prior to the harassment, Plaintiff had a meeting with Lopez's supervisors, wherein she was informed that she was to be promoted, but not to let Lopez know, because her promotion would require that Lopez be laterally transferred to a different location. Plaintiff testified that Lopez became aware of this meeting and thereafter began the harassment in an attempt to get her to quit. The actions of Lopez and Narro took place within a concentrated two-month time frame. The acts took place in front of other employees, ostensibly to further embarrass the Plaintiff and undermine her possible status as a future general manager. The alleged comments were not

---

[2] *See Donaldson v. CDB Inc.*, 335 Fed. Appx. 494 (5th Cir. 2009)(genuine issue of material fact existed as to whether supervisor's alleged comments to female employee, including sexually-suggestive comments regarding her physical appearance, were sufficiently severe and pervasive); *Alaniz v. Zamora-Quezada*, 591 F.3d 761 (5th Cir. 2009); *Mire v. Texas Plumbing Supply Co., Inc.*, 286 Fed. Appx. 138 (5th Cir. 2008); *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473 (5th Cir. 2008). *But see Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321 (5th Cir. 2009); *Paul v. Northrop Grumman Ship Systems*, 309 Fed. Appx. 825 (5th Cir. 2009)(single incident in which coworker "chested up" to female employee's breasts in 30-second confrontation, then followed employee as she tried to separate herself and placed his arm around her waist then rubbed his pelvic region across her hips and buttocks, was not so severe or pervasive); *Barnett v. Boeing Co.*, 306 Fed. Appx. 875 (5th Cir. 2009)(despite evidence that a coworker leered at the employee, touched her in sexually inappropriate and unwelcome ways, and actively intimidated her after she complained of his actions was not severe and pervasive); *Gibson v. Potter*, 264 Fed. Appx. 397 (5th Cir. 2008)( supervisor's "sex talk," requests for dates with female employee, and offer of telephone number, together with single incident in which supervisor allegedly touched employee's buttocks and made suggestive comments, was not severe and pervasive).

"off-hand", but rather direct and crude. Lopez's alleged refusal to intervene and discipline the subordinate employee (Narro) can be interpreted as additional conduct that unreasonably interfered with Plaintiff's performance. Accordingly, summary judgment is denied on this issue.

Defendant also argues that no tangible job action was taken against the Plaintiff and therefore it is entitled to invoke an affirmative defense under *Ellerth/Faragher*.

If an employer has not taken a tangible employment action against an aggrieved employee, the employer may have an affirmative defense to a claim of vicarious liability for sexual harassment carried out by a supervisor with authority over the employee. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 775 n. 35 (5th Cir. 2009). To satisfy the affirmative defense, the employer must show: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

In this case, Plaintiff testified that on October 14, she and her supervisor met and he was upset with her for allegedly giving him late notice about a child custody hearing that Plaintiff attended the morning of October 14, which caused her to be late to work. Lopez allegedly told Plaintiff she did not appear happy

working at the company anymore. Plaintiff responded that she was not happy with the treatment she had been receiving and that she was upset with "what he had called me the night before." Lopez allegedly responded that "if you don't like it, get your stuff and leave." Plaintiff testified that she interpreted that remark as being discharged. She subsequently left the premises and called the company's 1-800 number.

Defendant argues that Plaintiff was never given any written notice of termination. Defendant further characterizes Plaintiff's action as a preemptive strike from receiving a counseling notice from Lopez for either her reporting to work late or a customer delivery that had an error. Plaintiff testified that she provided timely notice of the child custody hearing days in advance, and that she was unsure whether her attendance at the hearing was actually required, until her attorney told her on October 13 that she needed to attend. Defendant does not argue that Lopez lacked authority to discharge the Plaintiff. Accordingly, a fact issue exists as to whether Plaintiff was discharged on October 14. Given this fact issue, Defendant's motion for summary judgment based on the *Ellerth/Faragher* affirmative defense is denied.

Defendant addresses at great length that Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Aaron's. It argues that despite receiving the company non-discrimination and sexual harassment policy that directs employees to call the 1-800 number to report discrimination or harassment, Plaintiff failed to do so until after the October 14 meeting with Lopez. Defendant also notes that Plaintiff failed to

7

meet with the corporate representative (Larry Scarletta) that was sent to meet with her after the 1-800 call had been received.

Without addressing the merits of this argument or whether Plaintiff's complaint to general manager Edward Galaviz was sufficient to place Defendant on notice, whether Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Aaron's only comes into play if an employer has not taken a tangible employment action. As stated above, the Court concludes there is a fact issue on whether a tangible employment action was taken.

## Retaliation Claim under the TCHRA

A plaintiff raising a claim of retaliation must establish a prima facie case by showing "(1) that she engaged in activity protected by [the TCHRA], (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Aryain*, 534 F.3d at 484. If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the employment action. *Id*. If the employer meets this burden, the burden shifts to the plaintiff to prove the employer's reason is pretext for the actual retaliatory purpose. *Id*.

An adverse employment action occurs when "a reasonable employee would have found the challenged action materially adverse, which ... means it well might have dissuaded a reasonable worker from making or supporting a charge

of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Defendant argues that Plaintiff fails to establish that she engaged in any protected activity. Plaintiff responds that she raised harassment complaints to general manager Galaviz. Galaviz testified that he relayed the complaint to his regional manager Luis Sanchez. A fact issue exists as to whether Plaintiff engaged in protected activity.

Defendant further appears to argue that no adverse employment act occurred. As stated above, a fact issue exists on this issue. Further, the *Burlington Northern* standard applies.

Defendant finally argues that no causal link exists between any protected activity and any adverse employment action. Plaintiff argues that a material fact issue exists given the close proximity in time between the complaint to Galaviz and her discharge by Lopez.

The fallacy in Plaintiff's argument, however, is Plaintiff fails to tender any evidence that Lopez ever knew of the complaint to Galaviz, that was later brought to Sanchez's attention. Indeed, the only competent summary judgment evidence in the case is that Galaviz never did anything more than pass the complaint on to Sanchez. There is no summary judgment evidence that Sanchez did anything with the complaint. Indeed, a fair inference from reading Galaviz's deposition and Defendant's briefing is that Aaron's solely relies upon the 1-800 number for the receipt of complaints. Apparently, Aaron's managers are under

9

the impression that they need not act on any complaint, other than to refer the employee to the 1-800 hotline. This is likely an inadequate policy to investigate complaints of discrimination or harassment. Nonetheless, in this case, with these facts, Plaintiff fails to present evidence of a causal link between her verbal complaint and Lopez's alleged discharge of her. Indeed, Plaintiff has premised her case on the argument that Lopez considered her a threat to his job security and thereafter began the harassment in an attempt to get her to quit.

**Negligent hiring, supervision, training and retention claims**

Although Plaintiff brings claims of negligent hiring, supervision, training and retention, it is apparent that all parties are prosecuting and defending claims of negligent supervision and retention. The Court considers all the other claims abandoned, unless the Plaintiff informs the Court to the contrary.

In any event, although neither party apprises the Court of a recent dispositive Texas Supreme Court case, this Court notes that negligent supervision and retention claims fail as a matter of law because the TCHRA is the exclusive remedy for workplace sexual harassment. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802-803 (Tex. 2010). Accordingly, summary judgment is granted against Plaintiff on her negligence claims.

**Conclusion**

Defendant's motion for summary judgment (doc. no. 24) is GRANTED IN PART AND DENIED IN PART. Summary judgment is GRANTED in favor of the Defendant as to Plaintiff's retaliation and negligence claims. Otherwise, the

motion for summary judgment is DENIED.  Plaintiff's motion to strike (doc. no. 25) is DENIED.

It is so ORDERED.

SIGNED this 19th day of September, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE